Nash, J.
 

 The defendant, with several others, the widow and next of kin of Robert Tucker, deceased, executed to the plaintiffs their joint and several bond, to pay to them the sum of two hundred dollars, upon condition that they, the plaintiffs, broke the will of said deceased ; and in the bond it was stipulated, that the plaintiffs, if they failed to break the will,
 
 ‘‘ should pay all the costs on the suit that will be
 
 brought.” The suit was brought, and, upon the trial the will was not broken, but established as to the real estate. After the determination of the suit, this action was brought on the bond, to recover the sum of fifty dollars, a balance due upon it. Among other pleas, was the following:— “that the bond was contrary to the policy of the law, and void.” His Honor, the presiding Judge, being of opinion' with the defendant upon this special plea, the plaintiffs submitted to a nonsuit, and appealed to this Court.
 

 
 *202
 
 We had thought, that, at th's day, not a doubt could rest upon the correctness of the opinion expressed by the Judge below. The object of all laws is to repress vice and to promote the general welfare of the State ; and no one can be assisted by the law in enforcing demands, founded on a breach or violation of its principles. Hence sprung the maxim at common law, “
 
 ex turpi contractu non oritur ac-
 
 tio.” It is the public good, which allows a contract to be impeached, for the illegality of the consideration. Nor does a seal, which in itself imports a consideration, protect the contract from being investigated m a Court of Common Law. A defendant, therefore, though he is not at liberty to show that a -bond, executed by him, is without consideration, may, nevertheless, prove that the consideration, upon which it was given, is illegal, as being immoral or contrary to public policy. And, among the latter, the most prominent are contracts affecting the course of justice. They are the most prominent, because every individual in the community is interested in the pure and upright administration of the laws. Every contract, therefore, for the compounding or stifling of a criminal prosecution for a felony or misdemeanor of a public nature, is void.
 
 Collins
 
 v
 
 Blantern, 2
 
 Wil. 347;
 
 Stanly
 
 v
 
 Jones,
 
 20 E. C. L. Rep. 165. Main, tainance is an offence against public justice, and is defined by Justice Blackstone, 4th vol. p. 134, to be “an officious intermeddling in a suit that no way belongs to one, by maintaining or assisting either party, with money or otherwise, to prosecute or defend it; and is punishable at common law, by fine and imprisonment.’’ Champerty is a species oí maimainance, being a bargain with a plaintiff or defendant, to divide the subject in dispute, if they prevail, whereupon thechampertor is to carry on the suit, at his own expense. Mr. Blackstone calls such persons
 
 “pests
 
 of society, that are perpetually endeavoring to disturb the repose of their
 
 *203
 
 neighbors, and officiously interfering in other men’s quarrels.” “ These offences,” he observes, “ relate chiefly to the commencement of suits.” All contracts, then, founded upon either, or both of these offences, are absolutely void. In this case, the defendant has not been driven to patol evidence, to establish his defence; it is stated on the face of the instrument, as the consideration upon which the contract was made. It was an officious intermeddling by the plaintiffs in a suit, that no way concerned them, and assisting the obligors with money, in carrying on a suit to be commenced. Such a contract is immoral and illegal, and a Court of Law cannot lend its aid to enforce it.
 

 Pee Cueiam. Judgment affirmed.